UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SANTIAGO,                              :
      Petitioner                               :
                                               : CIVIL NO. 1:11-CV-1319
    v.                                         :
                                               : (Judge Caldwell)
JOHN KERESTES, *et al.,*                       :
      Respondents                              :

*M E M O R A N D U M*

I.    *Introduction*

On July 15, 2011, William Santiago, currently confined at SCI-Greene, Waynesburg, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 conviction in the Court of Common Pleas of York County, Pennsylvania, for first-degree murder.  Named as respondents are John Kerestes, the superintendent at SCI-Mahanoy, Frackville, Pennsylvania, where Santiago was incarcerated at the time he filed his petition, and the Attorney General for the Commonwealth of Pennsylvania.

On review of the petition, we ordered Respondents to file an answer. Instead, Respondents filed a motion to dismiss, arguing that the petition is barred by the statute of limitations.  Petitioner opposes the motion.  We conclude that the petition is timely.

II.     *Background*

On January 14, 2005, following a jury trial, Santiago was sentenced to life imprisonment.[1]  The Superior Court of Pennsylvania affirmed the conviction on direct appeal, *Commonwealth v. Santiago,* 401 MDA 2005 (Pa. Super. Ct. July 31, 2006), and on November 28, 2007, the Supreme Court of Pennsylvania denied Santiago's Petition for Allowance of Appeal.  *Commonwealth v. Santiago*, No. 1071 MAL 2006 (Pa.).  Santiago then petitioned the United States Supreme Court for a writ of certiorari.  On April 28, 2008, the Supreme Court denied the petition.  *Santiago v. Pennsylvania*, No. 07-9564 (U.S. April 28, 2008).

On December 15, 2008, Santiago filed a timely *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA).  42 Pa. Con. Stat. Ann. §§ 9541-9546.  The trial court denied the PCRA petition on June 29, 2009.  The superior court affirmed the dismissal on August 18, 2010.  *Commonwealth v. Santiago*, 1346 MDA 2009 (Pa. Super. Ct.).  On March 9, 2011, the Pennsylvania Supreme Court denied Santiago's petition for allowance of appeal.  *Commonwealth v. Santiago*, No. 657 MAL 2010 (Pa.).

Santiago filed his federal habeas corpus petition on July 15, 2011.

---

[1]     The court takes judicial notice of the trial court's docket sheet, *Commonwealth v. Santiago*, CP-67-CR-2738-2004, as well as the docket sheets of the state appellate courts, which are available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

III.     *Discussion*

    A.     *Statutory Framework*

There is a one-year statute of limitations on filing a 2254 petition.  *See* 28 U.S.C. § 2244(d)(1).  The statute begins to run from the date the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  *See Wall v. Kholi*, ___ U.S. ___, ___, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005).  When on direct review of a conviction, a petitioner seeks certiorari review in the United States Supreme Court, "the judgment becomes final . . . when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari."  *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012).

The limitations period is subject to statutory tolling.[2]  Statutory tolling occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).  The tolling period includes the time a petition for allowance of appeal in PCRA proceedings is pending in the Pennsylvania Supreme Court.  *Swartz*, 204 F.3d at 421 ("'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought"); *see also Kindler v. Horn,* 542 F.3d 70, 77 n.5 (3d Cir. 2008) (noting that the petitioner's PCRA

---

    [2]  The limitations period may also be subject to equitable tolling, *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010), but equitable tolling is not relevant here.

petition remained pending at least through the date the Pennsylvania Supreme Court denied his petition for review), *rev'd on other grounds, Beard v. Kindler*, 558 U.S. 53, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009).

> *B.  Calculation of Santiago's Limitations Period Indicates His Petition Is Timely*

Santiago's judgment of conviction became final on April 28, 2008, the day the United States Supreme Court denied his petition for a writ of certiorari. Santiago therefore had until April 28, 2009, to file his 2254 petition. The statute of limitations ran for 231 days from April 28, 2008, until Petitioner filed his PCRA petition on December 15, 2008, statutorily tolling the limitations period. The period began running again on March 9, 2011, when the Pennsylvania Supreme Court denied his petition for allowance of appeal from the superior court's ruling on his PCRA appeal. At that point, as Petitioner correctly asserts, he had 134 days left to file his 2254 petition, or until July 21, 2011. He filed the petition on July 15, 2011, thereby making it timely.

In arguing that the petition is untimely, Respondents have provided us with their own calculation of the running of the statute. The problem is, as Petitioner points out, that Respondents omitted from their calculation Petitioner's attempt to obtain certiorari review from the Supreme Court. Failure to include this attempt makes their calculation erroneous.

We will deny the motion to dismiss. We will grant Respondents twenty-one days to file an answer addressing the merits of the 2254 petition.[3]

       /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge

Date: August 27, 2012

---

[3] Petitioner believes that Respondents' omission from their limitations calculation of his seeking certiorari review was intentional and requests that we not allow Respondents an opportunity to address the merits of his petition. Granting Petitioner's request would not be proper since an answer from Respondents would assist us in deciding the petition. *Cf. Lemons v. O'Sullivan,* 54 F.3d 357, 364–65 (7th Cir. 1995)(default judgments are not appropriate in 28 U.S.C. § 2254 proceedings); *United States v. Greenslade,* No. 04-405, 2009 WL 1507290 (M.D. Pa. May 28, 2009)(Caldwell, J.)(default judgments are not appropriate in § 2255 motions, citing *Lemons*).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SANTIAGO,  :
    Petitioner  :
       : CIVIL NO. 1:11-CV-1319
v.  :
       : (Judge Caldwell)
JOHN KERESTES, *et al.*,  :
    Respondents  :

*O R D E R*

AND NOW, this 27th day of August, 2012, it is ordered that:

1. Respondents' motion (Doc. 12) to dismiss is denied.

2. Within twenty-one (21) days of the date of this Order, Respondents shall file an answer to the Petition.

3. Respondents shall file a memorandum of law along with the answer. The memorandum shall set forth the relevant facts and procedural history of the case, a recommended disposition of the petition, and citations to pertinent case law.

4. Petitioner may file a reply within fourteen (14) days of his receipt of the Respondents' answer and memorandum.


        /s/ William W. Caldwell
       William W. Caldwell
       United States District Judge